Good morning, your honors. I'm Scott Hubbard. I represent plaintiff and appellant Chris Kohler. In this case we presented a single issue of appeal regarding an intra-circuit conflict regarding strike side and latch side clearance at doors. My statutory construction analysis was set forth in my brief and I'm comfortable with it. So unless the panel has any questions for me regarding. Do the 2010 guidelines or the 1991 guidelines apply? The answer to that question is yes. Depending based on the safe harbor provision they both apply. If the defense chose to comply with the 1991 standards before March of 2012 then they would apply. If they didn't comply with those standards then after March 12th the 2010 standards would apply. Your position is that they did not apply with the 1991 standards? They did not. All right. Thank you, your honors. Good morning. May it please the court. My name is Martin Orlick with the law firm of Jeffer Mangels, Butler & Mitchell. I'm here on behalf of our client Bed Bath & Beyond of California LLC. Your honors, when the Department of Justice implemented and adopted the guidelines that were promulgated by the Access Board they had one goal and one goal in mind and that was to take this amorphous new law, the Americans with Disabilities Act, which is perhaps the most important piece of civil rights legislation passed to provide access to persons with disabilities and to make it understandable and to take these large standards about providing full and equal access into the real world so that they were intending to develop a clear set of comprehensive guidelines which would advise architects how to design buildings, it would advise contractors how to build them, it would advise owners how to develop their properties, it would advise judges, lawyers, advocacy groups and the public and the disabled community in particular on what the rights were and what the obligations were to comply with those standards. So to do that a set of comprehensive standards were prepared and they became the Americans with Disabilities Act accessibility guidelines. The guidelines of the Access Board are not regulation, they did not go through the rule making process like the standards went through when the Department of Justice implemented them but the issue here is a real simple one and that is did the Department of Justice when it adopted the 1991 standard of 413-6 intend that that standard would apply to the strike edge maneuvering clearance of the floor space so that someone in a wheelchair can maneuver around the door swing, get to the door, open the door, pull it open and then go through the door or did it require wall space. Now these issues are all new to me, they are not to my fine colleagues here but I gather you accept the standards. Oh yes, we don't have any issue with the standards and we don't have any issue with the standards. And indeed you think they are helpful. Absolutely I think they are entirely helpful your honor because what they do is they tell you that for you as a business owner or an architect or contractor this is what you have to do to comply to make your property accessible. So the basic issue on this appeal as I see it is whether or not the ADA requirements for strike side maneuvering clearance apply to wall space or floor space and in order to get there we look to the language of the statute and the first canon of statutory interpretation is the presumption that when the Department of Justice adopted these regulations after considerable public comment that they intended to provide for the provisions that are in the code and that the code in fact does provide for those provisions. If those provisions... In this case counsel because your opponent hasn't argued beyond what he said in the brief. Why don't we just see if any of the judges have any questions of you. Thank you. Otherwise do you have any questions? Judge Gould do you have any questions? Yeah I really don't. I think I understand the issues. I think we probably all do quite well understand the issues in this case. We have a number of them today and this is probably the clearest and the simplest. May I make one further comment your honor? Thank you. Plaintiff has made much of two points he said in the 2010 standards so if they do apply I want to address those very quickly. The first is that the graphic conventions that are in the 2010 standards now provide for a wall or they have the reference to a wall as to what certain lines mean and the 2010 standards removed some language that talked about floor and ground clearance in section 404.2.4. First as to 402.4.4 that language was not removed from the section. It was lowered in the section. It's still there and it actually became more expansive to make it clear we're talking about floors not walls and on the point of reliance on the figures which are in the accessibility code plaintiff's counsel argues that the figures now are dispositive. Well two things happened in the 2010 standards. In 1991 the graphic conventions were a table. In 2010 they became relegated to a figure and we know from 36.406 that the figures are for informational purposes only. They only explain and illustrate the standards. I do have one question. Does it have to be some wall? There has to be something to hold the door in place whether it's a wall or a pole. Does there have to be something in place to help the person in the wheelchair to open the door? On the wall? No sir. None whatsoever. Yeah and had the Department of Justice thought that was important they would have included it. And even here there was some. Sorry? Yes there was. Anything further? I guess I have one question that as I understand it the floor clearance has a provision saying that it has to be a certain number of inches deep or go out a certain number of inches. Maybe 60? Well there's two things your honor. There's an 18 foot parallel to the wall requirement. 18 inch foot. I'm sorry 18 inch parallel to the wall requirement and 60 inches behind. Yes. Clear floor. So I was trying to understand if the 60 inches behind required wall space where would the wall be going? That's one of the conundrums that we've all kind of conceptualized as well. If you have to have wall space there's no place to put a wall. You would have a wall right up against the side of the door it would be going nowhere and closing off a hallway perhaps. It just doesn't make any sense. And then finally at 106.4 I believe in the 2010 standards we now know that any undefined terms are either you have to look to the Department of Justice or the Department of Transportation if it's not there. Then you go look in the Webster's Dictionary and Mr. Hubbard is quibbling over the term latch. I don't think there's any real issue over that. We all know what a latch is but I just wanted to point that out. Thank you. Anything further? Okay, thank you. No questions. Thank you for your courtesies, Your Honor. All righty. Judge Gould, forgive me, I didn't entirely understand your question regarding the wall when you were referencing the 60 inch clear floor space. Forgive me. Well, my question was just that if there's a requirement that there be no obstructions on the wall, would that require there to be a wall out 60 inches? You mean clear? Okay, 60 inches into... Where would the clear wall be that fits with the 60 inches? Fair enough. Yes, Your Honor. If you look to the illustration which the Department of Justice says is for informational purposes on how to comply with these standards, you see that the dotted line represents the clear floor space and the solid black line represents the wall. The dotted line is what goes out away from the door. The wall just holds the door in place. So you wouldn't have walls going 60 inches into the path of travel for obvious reasons. So you wouldn't have to create, for lack of a better term, a chamber for disabled individuals to use a door. That would be my answer to that question. Okay, thanks. That's what I would... This proves nothing other than when you start thinking about these things, a judge can turn into a medieval priest. Why is there standing? Unless there's proof that your client has more than 11 inches of forearm space. If you look to the embankment holding Chapman v. Pier 1 from this court, you'll see that the panel held that a disabled individual who encounters a barrier that relates to their disability has standing to pursue the claim. Now, relates to his disability in this context means architectural barrier or ADAG violation. But it's not always that, because sometimes you can have an ADAG violation, or excuse me, a perfectly acceptable, perfectly compliant facility, but it's maintained in an inaccessible manner, which we'll discuss later today in Coller v. Eddie Bauer. And the only other point I want to make in this case is that... Well, actually there's two. First is that the conversion tables is in both standards. It's in the 1991 and the 2010. And what was the last one? I think that's it. All right. Well, thank you very much. This case is arguably submitted.
judges: Motz, Reinhardt, Gould